1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC RICHARD ETHIER,           )
                               )
        Petitioner,            )        CASE NO.    C04-2381-TSZ
                               )                    (CR03-313-TSZ)
    v.                         )
                               )
UNITED STATES OF AMERICA,      )        REPORT AND RECOMMENDATION
                               )
        Respondent.            )
_____)

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner currently incarcerated at FCI WASECA in Waseca,

Minnesota.  Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set

aside, or correct his 2003 sentence.  Additionally, petitioner has filed a motion for bail

status and release pending the resolution of his § 2255 motion.  Respondent has filed a

response opposing both motions, and petitioner has filed a reply brief in support of his

motion.  Recently, Petitioner filed a motion for voluntary dismissal.  Following a careful

review of the record, this Court concludes that petitioner's § 2255 motion, his motion for

bail status and release, and his motion for voluntary dismissal should be denied.


## BACKGROUND

On August 29, 2003, petitioner pleaded guilty to one count of possession of

marijuana with intent to distribute and one count of assaulting, resisting, or interfering

REPORT AND RECOMMENDATION
PAGE - 1

1    with a federal officer.  Dkt. # 12, Ex.1, 2.  On November 21, 2003, petitioner was

2    sentenced to a term of eighty-seven (87) months of imprisonment and four (4) years of

3    supervised release.  *Id*., Dkt. # 1, Ex. 2.  Petitioner did not file a direct appeal.  He now

4    seeks relief from his sentence under § 2255.  Dkt. # 1.  Petitioner argues that he is entitled

5    to relief based on the following grounds: 1) ineffective assistance of counsel, 2) judicial

6    misconduct, and 3) prosecutorial misconduct.  Petitioner cites to numerous alleged errors

7    by his attorney as the basis for his ineffective assistance of counsel claim including his

8    attorney's failure to demand that the sentencing enhancements be proved to a jury beyond

9    a reasonable doubt.  Dkt. # 1.  Subsequently, petitioner filed a motion for bail status and

10   release pending the resolution of his § 2255 motion wherein he argues that he is entitled to

11   release because his "motion/petition 28 U.S.C. § 2255 . . . present[s] a question of fact

12   likely to result in a reversal, a new trial, a sentence with no imprisonment, or a sentence

13   less than the total already served, including the expected length of the appeal process."

14   Dkt. # 6.

15        The government, in its answer, argues that the § 2255 motion and his motion for

16   bail status and release should be denied because petitioner failed to meet his burden of

17   proof regarding all his claims.  Dkt. # 12.

18        On March 10, 2005, petitioner filed a late reply to the government's response

19   stating that "[a]lthough the Petitioner concedes that the other issues before the Court may

20   not have merit, he does not believe that the same can be said of his <u>Blakely</u> issue."  Dkt. #

21   14.  In his reply, petitioner makes an additional claim and argues that the sentence

22   imposed was a violation of his Sixth Amendment right to have any sentencing

23   enhancements be proven beyond a reasonable doubt to a jury pursuant to *Blakely v.*

24   *Washington*, 124 S.Ct. 2531 (2004).

25        The government filed a surreply arguing that petitioner's new claim should be

26

REPORT AND RECOMMENDATION
PAGE - 2

denied because (1) Blakely does not apply retroactively to cases on collateral review and (2) petitioner has procedurally defaulted on his claims by failing to raise them on direct appeal.  Dkt. #17.

While petitioner raises the Blakely claim for the first time in his late reply[1], in light of the fact he is *pro se*, we will consider this new claim.  Even though petitioner appears to concede that his other claims lack merit, in excess of caution, the Court will briefly address all of his claims.  Regarding petitioner's *Blakely* claim, the retroactivity issue is clearly dispositive of that claim, thus, the Court will only discuss that issue.

On August 17, 2005, petitioner filed notice of voluntary dismissal.  Dkt. # 20.  Given the fact that respondent has filed an answer (Dkt. # 12), and thus, dismissal cannot be entered without a Court order, the Court will construe petitioner's notice as a motion for voluntary dismissal.  *See* F.R.C.P. 41(a)(2).

## DISCUSSION

A.  Ineffective Assistance of Counsel Claim

An ineffective assistance of counsel claim must demonstrate that: 1) counsel's representation fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Judicial scrutiny of ineffective assistance of counsel claims must be highly deferential, however, in order to eliminate "the distorting effects of hindsight."  *Id*. at 690.  The reasonableness of counsel's challenged conduct must be determined based on the facts of the particular case, viewed as of the time of counsel's decision.  *Id*.  The analysis

---

[1] In his original complaint, petitioner discussed the *Blakely* issue only in the context of his argument regarding ineffective assistance of counsel and not as a separate claim.

REPORT AND RECOMMENDATION
PAGE - 3

must start with a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. at 689-90. The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

Here, petitioner raises several grounds for his ineffective assistance of counsel claim. First, he argues that his attorney failed to properly investigate the law and to discover that Title 18 U.S.C. § 111(a) and (b) were "void as applied and having no application" because they had been repealed or amended. The statute that petitioner cites to has neither been repealed nor was it amended in 2003, the year he was charged, and as such, was and still remains valid. Thus, his argument is without merit.

Second, petitioner argues that his attorney failed to review the plea agreement with him, failed to understand the agreement, and failed to demand that the sentencing enhancements be proved to a jury beyond a reasonable doubt. Contrary to petitioner's assertion, the transcript of the plea hearing reveals that defense counsel explained to petitioner the plea agreement. Dkt. # 12, ex. 2A. Additionally, during the hearing, the undersigned judge went over the terms of the agreement, including the paragraph on guideline adjustments, and petitioner indicated that he understood the applicability of upward adjustments. Finally, at the time of petitioner's sentencing, the established law required the application of adjustments based on findings made by a judge by preponderance of evidence. Therefore, it was reasonable for petitioner's attorney not to challenge the upward adjustments on this ground.

Third, petitioner argues that his attorney failed to raise the International Covenant on Civil and Political Rights ("ICCPR") to resist the application of the upward adjustment. However, "[t]he ICCPR is not binding on federal courts," *see Hain v. Gibson*, 287 F.3d

REPORT AND RECOMMENDATION
PAGE - 4

1224, 1243 (10th Cir. 2002), and therefore, it was reasonable for defense counsel not to raise this claim.

Fourth, petitioner argues that he was suffering from post-traumatic stress disorder ("PTSD") and his attorney failed to have him examined by an expert.  Petitioner believes that an examination would have confirmed the disorder and entitled him to a downward departure based on diminished capacity.  As respondent points out, it is petitioner's burden to demonstrate prejudice resulting from his attorney's inadequate representation.  Here, petitioner fails to adduce any evidence regarding his PTSD or that the existence of such a disorder would have resulted in a different sentence.

Fifth, petitioner argues that his attorney failed to advise him of the importance of the interview by the probation department and the resulting pre-sentence report and failed to object to the questions asked of petitioner during the interview.  Petitioner also alleges that, later, his attorney did not meet with him for the purpose of challenging several objectionable statements contained within the pre-sentence report.  Yet, petitioner fails to be specific as to which questions were inappropriate, which statements were objectionable, and how he was prejudiced.

Sixth, petitioner argues that he was deprived of his constitutional right to confront a witness as guaranteed by the Sixth Amendment when, at the sentencing hearing, his attorney failed to cross-examine witnesses who had submitted statements that were included with the pre-sentence report.  Petitioner also argues that because these statements were hearsay, his attorney should have examined these statements prior to their use during the hearing.  However, the Ninth Circuit has determined that the Confrontation Clause does not apply at sentencing, notwithstanding the enactment of the Sentencing Guidelines.  *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.1993).   "[D]ue process requires that hearsay bear some minimal indicia of reliability in order to be considered at sentencing."

REPORT AND RECOMMENDATION
PAGE - 5

1    *Id.* at 1370.  Here, petitioner does not allege that these statements lacked all indicia of

2    reliability.  Accordingly, petitioner's argument has no merit.

3         Seventh, petitioner argues that his attorney "failed to explore more than one line of

4    defense with regards to the downward departures he was seeking."  Petitioner fails to state

5    what additional "line of defense" his attorney could have raised and whether these alleged

6    additional defenses would have changed his sentence.  Therefore, petitioner failed to

7    establish that his attorney was ineffective or that he suffered any prejudice.

8         Finally, petitioner argues that his attorney failed to explain the consequences of

9    pleading guilty.[2]  In light of petitioner's statement that his attorney had, in fact, explained

10   the plea agreement, this argument lacks merit.  *See* Dkt. # 12, ex. 2A .

11   B.   Judicial Misconduct Claim

12        Petitioner also claims that Judge Thomas S. Zilly engaged in judicial misconduct at

13   sentencing by assuming a "prosecutorial and investigative" role when he inquired about

14   petitioner's failure to provide authorities with information regarding the origin or

15   destination of the marijuana petitioner was transporting.  At the time of petitioner's

16   sentencing, the sentencing guidelines required a judge to consider all relevant conduct,

17   which includes "all acts and omissions committed, aided, abetted, counseled, commanded,

18   induced, procured, or wilfully caused by the defendant."  U.S.S.G. § 1B1.3(a)(1)(A).  The

19   transcript of the sentencing hearing indicates that the inquiry came during defense

20   counsel's argument for a downward departure based on petitioner's allegedly minor

21   participation in the drug transporting offense.  Accordingly, such an inquiry was directly

22   relevant to assessing whether petitioner was a minor participant and, therefore, entitled to

23   a downward departure.

24   _____

25        [2] Petitioner also makes an argument separate from his ineffective assistance of counsel claim and
     argues that the rights waived in the plea agreement are inalienable rights that cannot be waived.  Petitioner,

26   however, cites no law to support such a claim.

REPORT AND RECOMMENDATION
PAGE - 6

1   C.   Prosecutorial Misconduct Claim

2        Petitioner argues the prosecution breached the terms of the plea agreement, which

3   required the government "not to file enhancements," by allowing Judge Zilly to raise

4   petitioner's offense level from twenty-six (26) points to thirty-two (32).  In paragraph

5   eleven (11)[3] of the plea agreement, the parties agreed that the evidence supported a base

6   offense level of twenty-six (26) with a total of six (6) level upward adjustment for three

7   different factors.  Dkt. #12, ex. 2.  Judge Zilly found a level twenty-nine (29) criminal

8   history, which was within the range contemplated by the parties.  *Id*., ex. 3A.  Moreover,

9   the plea agreement makes clear that the Court is not bound by any recommendation

10  regarding the sentence to be imposed.  *Id*., ex. 2.  Accordingly, petitioner's argument is

11  completely without merit.

12  D.   *Booker/Blakely* Claim

13       On June 24, 2004, the United States Supreme Court (hereafter "Supreme Court")

14  issued its opinion in *Blakely*.  *Blakely*, 124 S.Ct. 2531.  In *Blakely*, the Supreme Court

15  addressed a provision of the Washington Sentence Reform Act that permitted a judge to

16  impose a sentence above the statutory range upon finding, by a preponderance of the

17  evidence, certain aggravating factors which justified a departure from the statutory range.

18  *Id*.  The trial court relied upon this provision to impose an exceptional sentence which

19  exceeded the top end of the standard range by 37 months.  *Id*. at 2535.  The Supreme

20  Court held that this exceptional sentence violated the Sixth Amendment because the facts

21  supporting the exceptional sentence were neither admitted by petitioner nor found by a

22  jury beyond a reasonable doubt.  *Id*. at 2537-38. The Court explained that "the 'statutory

23  maximum' for *Apprendi* [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)] purposes is the

24

25       [3] When discussing this issue, petitioner incorrectly cites to paragraph sixteen (16) of the plea

26  agreement.  However, paragraph sixteen relates to waiver of appeal.

REPORT AND RECOMMENDATION
PAGE - 7

maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 2537 (emphasis in original).  The majority in *Blakely* expressed no opinion regarding the application of this opinion to the Federal Sentencing Guidelines.

While petitioner's § 2255 motion was pending before this Court, the Supreme Court addressed the Federal Sentencing Guidelines in *United States v. Booker*, 125 S.Ct. 738 (2005), and concluded that the Sixth Amendment, as construed in *Blakely*, is applicable to the Federal Sentencing Guidelines.  *Booker*, 125 S.Ct. at 745.  The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering them advisory only.  *Id.* at 764-5.

The question this Court must address is whether the rights recognized in *Blakely*, and now in *Booker*, apply retroactively on collateral review.  While the Supreme Court did not address the retroactivity question in either *Blakely* or *Booker*, the Ninth Circuit recently decided that *Blakely* does not apply retroactively on collateral review.  *Schardt v. Payne*, 2005 WL 1593468, at *1 (9th Cir. July 8, 2005).

In *Schardt*, the Ninth Circuit analyzed the rule set forth in *Blakely* under *Teague v. Lane*, 498 U.S. 288 (1989), to determine if the rule applied retroactively to cases already final on direct review.  Generally, a new rule of constitutional law does not apply retroactively to cases already final unless the rule is a substantive or a "watershed" rule of criminal procedure.  *Teagu*e, 498 U.S. at 310.  In *Teague*, the Supreme Court announced a three-step analysis in determining the retroactive application of a new rule of criminal procedure to a case on collateral review.  *Teague*, 498 U.S. 288.

REPORT AND RECOMMENDATION
PAGE - 8

1    In applying the three-step analysis[4], the Court in *Schardt* first concluded that

2    petitioner's conviction became final before *Blakely*.  *Schardt*, 2005 WL 159348, at *7.

3    Second, the Court concluded that *Blakely* announced a new rule of criminal procedure

4    because the rule "was clearly not apparent to all reasonable jurists, nor was it dictated by

5    precedent." *Id.* at *8.  Third, the Court concluded that Blakely did not fit into either of the

6    *Teagu*e exceptions to non-retroactivity, which include substantive and "watershed" rules

7    of criminal procedure.  *Id.* at *8-9.  The *Schardt* Court found that the *Blakely* rule was not

8    a substantive rule of criminal procedure because rules that allocate decision making

9    authority between a jury and a judge "are prototypical procedural rules." *Id.* (quoting

10   *Schriro v. Summerlin*, 124 S.Ct. 2519, 2523 (2004)).  Also, the Court found the rule was

11   not a watershed rule of criminal procedure because "a change in the law requiring that

12   juries rather than judges make the factual findings on which a sentence is based did not

13   announce a watershed rule of criminal procedure." *Id.* (citing *Schriro*, 124 S.Ct. at 2524-

14   26).  Moreover, "a change in the law requiring juries to find these sentencing facts beyond

15   a reasonable doubt, rather than by a preponderance of the evidence, also . . . [did] not

16   announce a watershed rule of criminal procedure." *Id.* (citing *United States v. Mora*, 293

17   F.3d 1213, 1219 (10th Cir. 2002)).

18   Here, even though petitioner's motion is governed by *Booker*, not *Blakel*y, *Schardt*

19   is dispositive because even if *Booker* is an extension of *Blakely*, petitioner's conviction

20   became final before *Blakely* was announced, thus precluding retroactive application.  It is

21   important to note, however, that the district courts of the Ninth Circuit have consistently

22   held that *Booker* is not an extension of *Blakely* or *Apprendi* and as such is a new rule that

23

24        [4] First, the reviewing court must determine when the petitioner's conviction became final.  *Schardt*,
25   2005 WL 159348, at *6 (citing *Beard v. Banks*, 124 S.Ct. 2504 (2004).  Second, the court must decide
     whether the rule is in fact new.  *Id.*  Finally, if the rule is new, the court must consider whether the new rule
26   falls into one of the two exceptions of non-retroactivity.  *Id.*

REPORT AND RECOMMENDATION
PAGE - 9

1  does not apply retroactively.  *See, e.g.*, *U.S. v. Lopez-Cerda*, 2005 WL 1056658 (E.D.

2  Wash. 2005); *Fain v. United States*, 2005 WL 1111235 (W.D. Wash. 2005); *U.S. v.*

3  *Brown*, 2005 WL 1259889.  Moreover, thusfar, every United States Circuit Court that has

4  considered the issue of the retroactive application of *Booker* has also reached the

5  conclusion that *Booker* does not apply retroactively.  *See, e.g.*, *Cirilo-Muñoz v. United*

6  *States*, 404 F.3d 527, 532-533 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139,

7  143-44 (2nd Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-616 (3rd Cir. 2005); *U.S.*

8  *v. Padilla*, 2005 WL 1595291 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855,

9  857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never*

10  *Misses A Shot v. U.S.*, 2005 WL 1569403 (8th Cir. 2005); *United States v. Leonard*, 2005

11  WL 139183 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

12

13                                   **CONCLUSION**

14        The Court concludes that *Booker* does not apply retroactively to § 2255 cases on

15  initial collateral review and also concludes that petitioner's other claims lack merit.

16  Accordingly, petitioner's § 2255 motion vacate, set aside, or correct his sentence pursuant to

17  28 U.S.C. § 2255 (Dkt. # 1) must be DENIED.  Petitioner's motion for bail status and release

18  must also be DENIED.  Furthermore, because respondent filed an answer and addressed

19  all of petitioner's claims and this Court was able to reach a decision on the merits,

20  petitioner's motion for voluntary dismissal must also be DENIED.  A proposed order

21  accompanies this Report and Recommendation.

22        DATED this 7th day of September, 2005.

23

24        _____

25        MONICA J. BENTON
          United States Magistrate Judge

26

REPORT AND RECOMMENDATION
PAGE - 10